# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**CHRISTOPHER D. WARRINGTON, JR.,**

> **Plaintiff,**

> v.                                    **Case No. 22-C-470**

**JOHN DOES and**
**JANE DOES,**

> **Defendants.**

---

## SCREENING ORDER

---

Plaintiff Christopher D. Warrington, Jr., who is confined at the Shawano County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF. No. 1.) On November 11, 2022, the court screened Warrington's complaint and determined that he failed to state a claim upon which relief could be granted. (ECF No. 11.) The court gave Warrington an opportunity to amend his complaint. On November 14, 2022, Warrington filed an amended complaint. (ECF No. 12.) This order screens his amended complaint.

### SCREENING OF THE AMENDED COMPLAINT

*Federal Screening Standard*

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

2

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Warrington's Allegations*

Warrington alleges that he was incarcerated at Brown County Jail from January 24, 2022, through March 30, 2022. (ECF No. 12 at 2.) On March 7, 2022, he was sentenced to two months in jail and two years' probation. (*Id.*) He was also given credit for time-served and good time. (*Id.*) At the time he was sentenced he had 43 days of credit, and he asserts he had only one day in jail remaining. (*Id.*) However, he was told his release date was April 24, 2022. (*Id.* at 2-3.) He notified the John and Jane Doe intake officers of the mistake, but they did nothing. (*Id.* at 3.) His public defender eventually intervened, and he was released from jail on March 30, 2022. (*Id.*)

*Analysis*

Warrington claims that the John and Jane Doe intake officers violated his constitutional rights by wrongfully extending his sentence. "A plaintiff states a claim for an Eighth Amendment violation if he is detained in jail for longer than he should have been due to the deliberate indifference of corrections officials." *Childress v. Walker*, 787 F.3d 433, 439 (7th Cir. 2015). Warrington alleges he informed the John and Jane Doe intake officers that his sentence was wrong and they did nothing. At this stage, he may proceed against them on an Eighth Amendment claim.

3

Because Warrington does not know the name of the defendants he is suing, the court will add Brown County Sheriff Todd J. Delain as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. *See Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 556 (7th Cir. 1996). The court will order the Marshals to serve Sheriff Delain with Warrington's amended complaint and a copy of this order. Sheriff Delain does not have to respond to the complaint.

After Sheriff Delain's lawyer files an appearance, Warrington may serve discovery upon Sheriff Delain (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants. For example, Warrington may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34 aimed at helping him identify the John and Jane Doe defendants he contends wrongfully extended his sentence. Because Warrington does not state a claim against Sheriff Delain, Warrington's discovery requests must be limited to information or documents that will help him learn the real names of the defendants he is suing. Warrington may not ask Sheriff Delain about any other topic, and Sheriff Delain is under no obligation to respond to requests about any other topic.

After Warrington learns the names of the individuals he alleges violated his constitutional rights, he must file a motion identifying their real names so the court can replace real names for the John and Jane Doe placeholders. The court will dismiss Sheriff Delain as a defendant once Warrington identifies the defendants'

4

names. After the defendants have had an opportunity to respond to Warrington's amended complaint, the court will set a deadline for discovery. At that point, Warrington may use discovery to get the information he believes he needs to prove his claims.

Warrington must identify the names of the John and Jane Doe defendants within sixty days of Sheriff Delain's attorney appearing. If he does not or does not explain to the court why he is unable to do so, the court may dismiss his case based on his failure to diligently pursue it. Civil L. R. 41(c).

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States Marshals serve a copy of the amended complaint and this order on Sheriff Delain under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Sheriff Delain does not have to respond to Warrington's amended complaint; however he must respond to Warrington's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Warrington identify the real name of the Doe defendants within 60 days of Sheriff Delain's attorney's appearance in the case. If he does not, or does not explain to the court why he is yet unable to identify their real names, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Warrington is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Warrington is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Warrington's failure to keep

the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 3rd day of January, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

7