UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER D. WARRINGTON, JR.,

    Plaintiff,

  v.                                Case No. 22-CV-470

JOHN DOE, *et al.*,

    Defendants.

## ORDER

On January 3, 2023, the court screened plaintiff Christopher D. Warrington Jr.'s amended complaint and allowed him to proceed on a claim against John and Jane Doe intake officers at Brown County Jail for wrongfully extending his sentence. (ECF No. 13.) Because Warrington did not know the name of the defendants he was suing, the court added Brown County Sheriff Todd J. Delan as a defendant for the limited purpose of helping Warrington identify the Doe defendants' real names. The court instructed Warrington to serve discovery on Sheriff Delan after he appeared in the case in an effort to uncover the Doe defendants' real names. The court also informed Warrington that he had 60 days from Sheriff Delan's attorney's appearance to file a motion identifying the Doe defendants' real names. The court warned Warrington that, if he failed to do so by that deadline, the court may dismiss his case for failure to diligently pursue it. Civil L.R. 41(c).

On February 7, 2023, Sheriff Delan's attorneys filed notices of appearance. (ECF Nos. 17-18.) Thus, Warrington had until April 7, 2023, to file a motion to identify the real name of the Doe defendants. The April 7, 2023, deadline passed, and Warrington did not file a motion identifying the real name of the Doe defendants. On April 17, 2023, the court entered an order requiring Warrington to by May 8, 2023, either file a motion identifying the Doe defendants or file a letter explaining why he is unable to do so. (ECF No. 20.) The court cautioned that failure to do so by the deadline will result in the dismissal of his suit.

The May 8, 2023, deadline to identify the Doe defendants has passed, and the court has not heard from Warrington. Accordingly, his case is **DISMISSED**.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time,

generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 12th day of June, 2023.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge